UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| EDGAR SEEFIELD | : | DOCKET NO. 2:08-cv-282 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| GREY WOLF, INC., ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

On January 4, 2007, Plaintiff Seefield filed suit in Louisiana's Thirty-Third Judicial District Court against Grey Wolf, Inc., Grey Wolf L.L.C., Grey Wolf Drilling Company, L.P, Kerr-McGee Corporation, Kerr-McGee Oil & Gas Corporation, Kerr-McGee Oil & Gas Onshore, L.P., and Westport Oil and Gas Company, L.P. Doc. 1-1. On January 24, 2008, plaintiff amended the suit to add Nabors. Doc. 1-2. Nabors was served on January 29, 2008. Doc. 1-3. Plaintiff moved to dismiss the Grey Wolf entities on January 29, 2008, and they were dismissed February 1, 2008. Doc. 1-4.

Currently before the court is a Motion to Remand filed by plaintiff Seefield on procedural grounds, primarily that the action was not timely removed by defendant Nabors. Doc. 19. Defendants oppose remand, arguing that the untimeliness of their removal should be excused. Doc. 23. For the reasons stated herein, plaintiff's motion to remand is granted.

**Law and Analysis**

As an initial matter, the court notes that diversity existed in this case at the time of the

initial filing and at the time the case was removed. Docs. 36.[1] Thus, the first sentence of 28 U.S.C. § 1446(b) controls:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The Fifth Circuit held in Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986) that, according to the statute, "[t]he original defendants, all diverse in citizenship from [plaintiff], could have removed the action by seeking removal within thirty days of service of the first defendant" and if the first served defendant abstains from seeking removal, subsequently served defendants cannot remove. Id. at 481-482, citing Tri-Cities Newspapers, Inc. v. Tri-Citiez Printing, Local349, 427 F.2d 325, 326-27 (5th Cir.1970). Brown notes that the rule is a harsh one, but "is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against removal." Id. Despite its adherence to the so-called "first-named defendant" rule, the court also noted that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." 792 F.2d at 482.

---

[1] Defendant failed to allege the citizenship of the Kerr-McGee entities or of the Grey Wolf entities in its original Notice of Removal. Doc. 1. Defendant sought leave of the court to correct this procedural impropriety with regard to the Kerr-McGee entities through an amended notice of removal. Doc. 22. At the hearing on this matter, this court noted that such defects may normally be corrected to properly allege the court's jurisdiction. 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000). The court also noted that defendant's notice of removal was defective because it failed to allege the citizenship of the Grey Wolf entities. Thus, the court had no means of determining whether the case was removable initially for purposes of 28 U.S.C. § 1446(b). Defendant Nabors made clear at the hearing that diversity of citizenship existed at the time the case was filed in state court. Subsequent to the hearing, defendant Nabors submitted a motion for leave to file a second amended notice of removal. Doc. 36. In this document, Nabors properly alleges the citizenship of the Grey Wolf entities, which supports its representation to the court that diversity existed at the time this case was filed in state court. *Id.*

In Johnson v. Heublin, 227 F.3d 236 (5th Cir. 2000), the Fifth Circuit expounded upon the "exception circumstance" consideration. The court held that an expired right to remove a case may be revived where the original complaint is "amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." Johnson, 227 F.3d at 241. If the revival exception is invoked, a defendant must remove within 30 days of the amended complaint. Id. In Johnson the original complaint was a removable one seeking payment on promissory notes but not all defendants consented. Well after the time for removal the original complaint was amended to include claims of conversion, bad faith breach of contract, unjust enrichment, and fraud. When concluding removal after the amended complaint to be timely, the court affirmed the trial court's conclusion that the allegations of the amended complaint bore no resemblance whatsoever of the original complaint and that the parties to the original complaint were then alleged in a completely different manner. The court states:

> Because the amended complaint starts a virtually new, more complex, and substantial case against the Co-defendants upon which no significant proceedings have been held, the removal will not result in delay, waste, or undue tactical advantage to a party. Nor does the removal impair proper allocation of state and federal judicial responsibilities.

Johnson, 227 F.3d at 242 (internal quotations omitted) (citing Wilson v. Intercollegiate (Big Ten) Conference A. A., 668 F.2d 962 (7th Cir.1982); Johnson v. Heublein, Inc., 982 F. Supp. 438, 444 (S.D. Miss. 1997)).

Since Johnson, "district courts have held that an amendment does not revive a right to remove as long as the lawsuit remains essentially the same as earlier pleaded and the amendment does not alter the essential character of the action." Air Starter Components, Inc. v. Molina, 442 F. Supp. 2d 374, 382 (S.D. Tex. 2006) (citing La. Farm Bureau Cas. Ins. Co. v. Michelin Tire Corp., 207 F.Supp.2d 524, 526 (M.D.La.2002); Baych v. Douglass, 227 F.Supp.2d 620, 622

(E.D. Tex. 2002); Turner v. Mine Safety Appliances Co., No. 01-0325, 2001 WL 456351, at *3, (E.D. La. April 27, 2001); Rodriguez v. ACandS, Inc., No. 01-0586, 2001 WL 333101, at *3, (E.D. La. April 4, 2001); Clarson v. S. Gen. Life Ins. Co., 694 F. Supp. 847 (M.D. Fla. 1987)); see also Medrano v. Univ. of Tex.-Pan Am., 2008 WL 2224312, *2-*4 (S.D. Tex. May 29, 2008); City of Kenner v. United Fire and Cas. Co., 2007 WL 2177781, *2 (E.D. La. July 30, 2007).

In the instant case defendant Nabors argues that its addition to the lawsuit and the dismissal of the Grey Wolf entities "so changed the nature of the lawsuit that it constituted the commencement of a new lawsuit." Doc. 1-1, at 4; Doc. 23, at 3-4. In support, Nabors argues that the Fifth Circuit held as much in the case Braud v. Transport Service Co. of Illinois, 445 F.3d 801 (5th Cir. 2006). Plaintiff counters that neither the claims nor the nature of the lawsuit were altered by the substitution of Nabors for the Grey Wolf entities, and therefore the amended lawsuit is not of a substantially altered character so as to permit application of the revival exception. Doc. 19, at 5. Plaintiff suggests that the Braud holding is specific to the Class Action Fairness Act (CAFA), "unique legislation with its own specific rules regarding removal." Doc. 25, at 8-9.

In Braud plaintiffs filed a class action in state court and no named defendant sought removal. 445 F.3d at 802. Approximately seven months after the filing of the original complaint, the Braud plaintiffs amended their petition to name a new defendant, Ineos. Id. Ineos then removed the case on the basis of CAFA, the Braud plaintiffs being citizens of Louisiana and Ineos being a foreign corporation. Id.

The district court remanded on the basis that CAFA became effective date after the Braud plaintiffs filed their initial petition, albeit before the amended complaint. Id. at 803. Defendants

appealed the matter pursuant to CAFA's interlocutory appeal provision.[2]  Id.  Thus, the Fifth Circuit was called on to decide "whether an amendment of the complaint through the addition of a new defendant 'commences' a new suit for purposes of CAFA."  Id. at 804.  The court held that it did.

In reaching this conclusion, the Braud court did not address the first-served defendant rule and neither did it cite Brown or Getty Oil.  The sole issue considered in Braud was whether addition of a new defendant whose presence creates diversity through the minimal diversity requirements of CAFA "'commences' a new suit for purposes of CAFA."  Id. at 804 (emphasis added).

The court ultimately held that "there is no indication that the time when the initial suit was filed has any relevance as to when an action 'commences' under CAFA for an amendment adding a new defendant."  Id. at 806 (emphasis added).  Instead, for purposes of CAFA, suit as to a new defendant commences as of the date of service of the amended pleading (or receipt of that pleading under 1446(b)).  Id.  Given that CAFA is indeed "unique legislation with its own specific rules regarding removal" [Doc. 25, at 8-9] and the absence of an indication by the Braud court that its holding should extend beyond CAFA to abrogate generally the first-served defendant rule, this court does not so extend Braud.

Further we do not find that the circumstances of the instant matter warrant application of the revival exception.  The sole change made through plaintiff's amended complaint was to add Nabors as a defendant.  The substitution of Nabors for the Grey Wolf entities, without more, does not substantially alter the nature of this lawsuit.

Considering the foregoing this court finds that the Notice of Removal filed by defendant

---

[2] CAFA provides an exception to the general rule that remand orders are not appealable.  *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 803 (5th Cir. 2006).

Nabors was not timely nor could it be as the time for defendant's filing a notice had expired prior to its being named in this lawsuit. Accordingly, plaintiff's Motion to Remand [doc. 19] is GRANTED.

IT IS ORDERED that this action be REMANDED to the Thirty-Third Judicial District Court.

This Order shall be STAYED for fifteen days from the date of issuance. Any appeal to the District Judge must be filed within fifteen days from the date of this Order. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall remand the action forthwith.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on January 19, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE